IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00093-CR

 

Delman Wesley Ball,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 18th District Court

Johnson County, Texas

Trial Court # F37020

 



MEMORANDUM 
Opinion



 








          Delman
Wesley Ball was convicted by a jury of felony evading arrest with a motor
vehicle.  Tex. Pen. Code Ann. § 38.04 (Vernon 2003).  The trial court set punishment at twenty
months’ confinement.  Ball argues on
appeal that photographs and a videotape offered by the State lacked a proper predicate
and should not have been admitted into evidence.  We will affirm the judgment.

BACKGROUND

          The
arresting officer testified that he was on patrol in a marked police car when
he observed a blue Oldsmobile fail to properly signal a turn.  Deciding to effectuate a traffic stop, the
officer flipped the switch that activated the police car’s overhead lights,
“wig-wag” front headlights, and the on-board video camera.  After the driver failed to stop after turning
onto the next street, the officer gave two short bursts with his siren and used
his side spotlight to signal the driver. 
The driver continued down the street and turned onto another
street.  The officer activated his
siren.  The driver accelerated, ran a
stop sign, and turned twice more before stopping.  The officer then arrested Ball, the driver of
the vehicle.

          Ball
argues that the trial court erred in admitting two photographs of Cleburne
Police Department marked patrol units because a proper predicate had not been
established.  We review a trial court's
ruling on authentication issues under an abuse of discretion standard.  Angleton
v. State, 971 S.W.2d 65, 67 (Tex. Crim. App. 1998).  Texas Rule of Evidence 901 governs the
authentication requirement for the admissibility of evidence.  Reavis
v. State, 84 S.W.3d 716, 719 (Tex. App.—Fort Worth 2002, no pet.).  Rule 901 provides that authentication or identification of items
offered into evidence "is satisfied by evidence sufficient to support a
finding that the matter in question is what its proponent claims."  Tex.
R. Evid. 901(a).

          Ball
specifically complains that the photographs did not depict the actual patrol
car used on the date of the offense.  However,
the record reflects that the State was claiming only that the vehicles in the
photographs were similar to the patrol unit driven by the officer on the date
of the offense.  The officer testified
that the vehicles in the photographs were similar to the vehicle he was driving
on the date of the offense and testified that all Cleburne Police Department
sedan patrol units were similar to one another. 
The officer’s testimony provided sufficient evidence to support a
finding that the photographs were what the State claimed they were.  Thus the trial court did not abuse its
discretion in finding that the photographs were properly authenticated.

          Ball
argues that the trial court erred in admitting a videotape of the offense
because the tape was not properly authenticated.  Videotapes are considered in the same manner
as photographs.  Reavis, 84 S.W.3d at 719; Williams
v. State, 82 S.W.3d 557, 563 (Tex. App.—San Antonio 2002, pet. ref’d).  Thus the requirements for authentication can
be met by the testimony of a witness with knowledge that sufficiently establishes
that a matter is what it is claimed to be. 
Ballard v. State, 23 S.W.3d
178, 182 (Tex. App.—Waco 2000, no pet.). 

          Ball
specifically complains that the State did not establish that the videotape was
the actual recording made on the date of the offense.  However, the officer testified that he had
reviewed the videotape and that the tape was a true and accurate copy of the
recording he had made at the time of the offense.  Thus the requirements for authentication were
met and the trial court did not abuse its discretion in admitting the
videotape.

CONCLUSION

          Finding
no abuse of discretion in admitting either the photographs or the videotape, we
overrule the issues and affirm the judgment.

 

BILL VANCE

Justice

 

Before Chief
Justice Gray,

Justice Vance,
and

Justice Reyna

Affirmed

Opinion
delivered and filed March 30, 2005

Do not publish

[CR25]